# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

No. 15-1461                                                September Term, 2015

FCC-80FR79136

Filed On: March 30, 2016 [1606254]

Global Tel*Link,

       Petitioner

    v.

Federal Communications Commission and
United States of America,

       Respondents

------------------------------

Centurylink Public Communications, Inc., et al.,

       Intervenors

------------------------------

Consolidated with 15-1498, 16-1012, 16-1029, 16-1038, 16-1046, 16-1057

## O R D E R

Upon consideration of the motions for leave to intervene filed by:

Network Communications International Corp.

Indiana Sheriff's Association, Marion County Sheriff's Office, Lake County Sheriff's Department,

it is **ORDERED** that the motions be granted.

Circuit Rules 28(d) and 32(a)(2) govern the filing of briefs by intervenors. A

# United States Court of Appeals
### For The District of Columbia Circuit

_____

**No. 15-1461**  **September Term, 2015**

schedule for the filing of briefs will be established by future order. That order will automatically provide briefing only for intervenors on the side of respondents. Any intervenor(s) intending to participate in support of petitioners must so notify the court, in writing, within 14 days of the date of this order. Such notification must include a statement of the issues to be raised by the intervenor(s). This notification will allow tailoring of the briefing schedule to provide time for a brief as intervenor on the side of petitioners. Failure to submit notification could result in an intervenor being denied leave to file a brief.

      Intervenors supporting the same party are reminded that they **must** file a joint brief or certify to the court why a separate brief is necessary. Intervenors' attention is particularly directed to D.C. Circuit Handbook of Practice and Internal Procedures 38 (2016), which describes "unacceptable" grounds for filing separate briefs. Failure to comply with this order may result in the imposition of sanctions. See D.C. Cir. Rule 38.

      **FOR THE COURT:**
Mark J. Langer, Clerk

BY: /s/
John J. Accursio
Deputy Clerk